IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SHONNA LYNN CALAWAY MCPHAIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-253-H-BQ |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed in the name of pro se Plaintiff Shonna Lynn Calaway McPhail (Calaway), a prisoner in the custody of the Federal Bureau of Prisons at the Carswell Unit. ECF No. 1; *see* ECF No. 8. Under *Special Order No. 3-251*, the case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. ECF No. 3. For the following reasons, the undersigned United States Magistrate Judge recommends that the United States District Judge dismiss this action without prejudice. The undersigned further recommends that the district judge sanction non-party Michelle Garner for the reasons set forth herein.

**I.   Procedural History**

Calaway purportedly signed and filed the original Complaint. Compl. 34, ECF No. 1.[1] The Complaint identifies the following defendants: "UNITED STATES OF AMERICA et; [sic] al D/B/A: John R. Parker" and "U.S. Attorney General D/B/A: Merrick B. Garland." *Id.* at 1. The

---

[1] Page citations to Calaway's filings refer to the electronic page number assigned by the Court's electronic filing system.

precise claims alleged and the grounds upon which they rest are difficult to comprehend, given their vague and fantastical nature. A sampling includes the following:

- "Now Comes Aggrieved party Shonna Lynn Calaway (McPhail) (U.C.C. §1-201; (27) (14) (Hereinafter Aggrieved party), Sui Juris, Secured Party (U.C.C. §9-105), NONPERSON (U.C.C. §1-201 (27)), NON-RESIDENT, NON-DEBTOR (28 U.S.C. §3002 (4)) NON-CORPERATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in any Government programs, a Living flesh and blood Man standing on the ground. Sovereign, NON-CITIZEN, . . . representing the Corporate Fiction of Shonna Lynn Calaway (McPhail)."

- "The courts . . . and the lack of an oath of office by many 'Judges' and 'Clerks of Court' all demonstrate that said legal system is operating as a commercial court system **FOR PROFIT** and **not a constitutionally based court system** that is fair and equitable."

- "I hereby deny that the following corporations exist; United States District Court Lubbock Division; THE STATE OF Texas/UNITED STATES OF AMERICA; Shonna Lynn Calaway (McPhail)©, and/or any other Corporations Members who are Alien(s) or may be associated with Any Complaint(s) and/or Claim(s) Against my Natural Body."

- "Plaintiff hereby objects strenuously to the existence of any contract, either verbal or written, either expressed or implied in fact, between any currently seated Circuit/County Judge et. al; or *any other* controlling interests, on grounds of conflicts of interest to show jurisdictional issue(s) on Shonna Lynn Calaway (McPhail)©."

- "All government actors operate in a fiduciary/trustee capacity in particular, and in specific, in a courtroom situation, the court case itself is a trust. The prosecutor is the executor/trustee of the trust; the named defendant, which is always a fictional entity named in all capital letters, in the trust itself. The living man is the grantor/sole beneficiary of all capital letter fictional entity/trust. The only courts which the public has access to today are legislative/administrative courts which enforce codes and statutes, which codes and statutes only apply to corporations or other fictional entities, because the Sovereigns (the people upon whom the sovereignty rests in this nation), are not named in the codes, and therefore, are not subject to the codes. These courts have no jurisdiction over a living man/woman. When the judge and the prosecutor use deceit and trickery to cause the Living man/woman to believe he/she is actually the defendant, those public officers have breached their fiduciary duties, and breached their contract with the public, and are subject to legal action."

- "The total accrued amount demanded in monetary compensation of 1.500.000.000."

Compl. 6, 7, 11, 19, 26–27, 34.

On October 4, 2022, the Court entered an order identifying the deficiencies in Calaway's Complaint:

> Despite the fact that (or perhaps because) her Complaint and the corresponding exhibits span 74 pages, it is an incomprehensible menagerie of indecipherable allegations against illy defined parties. Stated alternatively, it is not clear what parties Plaintiff intends to sue (and in what capacity), the claims she seeks to bring against each Defendant, or the basis upon which the Court's jurisdiction rests as to each claim.

ECF No. 5, at 2–3. The Court therefore directed Calaway to file an amended complaint within twenty-one days (i.e., October 25, 2022) and cautioned that her failure to do so could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 4 (emphasis omitted). In response, Michelle Garner—Calaway's ostensible "representative"[2]—filed a document *denying* the Court's jurisdiction in this matter. *See* ECF No. 6, at 2 ("The court is required to prove jurisdiction and it has not been sufficiently proven, so [Plaintiff] will have no need to file the following: COMPLAINT FOR VIOLATION OF CIVIL RIGHTS[.]").

Thereafter, the Court entered a second notice of deficiency, once again requiring Calaway to file by November 23, 2022, an amended complaint compliant with Rule 8 and provide "sufficient facts . . . demonstrate[ing] that this Court may exercise subject-matter jurisdiction over Plaintiff's claims and whether venue is proper in the Northern District of Texas, Lubbock Division." ECF No. 7, at 2. In addition, the Court briefly explained Rule 11, including the requirement "that pro se litigants personally sign '[e]very pleading, written motion, and other paper' filed in an action." *See id.* at 1–2 (quoting Fed. R. Civ. P. 11(a)). In response to the Court's order, Garner left multiple voicemails with the Court concerning her ability to communicate with

---

[2] Although Garner holds herself out as Calaway's "representative," Garner has provided no proof that she is a licensed attorney admitted to practice before this or any other court in the State of Texas, and the Court has found none.

Calaway, who she acknowledges is incarcerated at FMC Carswell. Her messages raised the question as to whether Calaway was personally signing each filing and whether Calaway was even aware of this suit.

Namely, Garner stated in relevant part:

- "This is Michelle Garner, I'm the one helping Shonna Calaway. . . . I want her to sign all the paperwork and I agree with you on that, but it's just that Carswell has cut off contact with me because I sent them information . . . and they flagged it as contraband so they cut off all her contact with me . . . and I'm her power of attorney. If you can call Carswell and look into that, where she can at least call me and write me so that we can stay in contact, I'll make sure that she signs all the documents."

- "This is Michelle Garner again, I was calling on behalf of Shonna Calaway. . . . If you can just call over there and speak to the warden or the assistant warden and just have them give me permission to speak to Shonna again, um, I can have her sign the documents or anything that you need her to do."

- "Yes, Judge Bryant . . . this is Michelle Garner, I was calling on behalf of Shonna Calaway. Anyway, I agree with your order, everything you said in it, um, and I would get you all that information but if the prison won't allow me to interact with Shonna, there's nothing that I can do, my hands are tied."

The Court then entered a show cause order explaining that "a power of attorney relationship does not excuse Rule 11's personal signature requirement" and notifying both Garner and Calaway of the Court's concern as to "whether Calaway's Complaint (or any other submission, for that matter) satisfies Rule 11's requirements."[3] ECF No. 8, at 2–4. In addition to Garner's voicemails, the Court observed that (1) attached to the Complaint is a statement by Garner in which she wrote her telephone number and instructed the Court to "call for any questions," and (2) the Complaint indicates that Calaway's address is a free-world residence in Fort Worth, Texas, despite her

---

[3] Further, the order specifically noted that Garner has previously been warned that she is not permitted to represent Calaway in federal court. *See* ECF No. 8, at 3 n.2. That is, in another action in this district involving both Calaway and Garner, United States District Judge Mark T. Pittman entered an order explaining that "a party is not allowed to have an unlicensed lay assistant act as an attorney under the banner of conducting his own defense," and that "a power of attorney relationship between a pro se plaintiff and the individual appearing on her behalf does not alter the rule that a non-lawyer may not represent another person in court." *Calaway v. Carr*, No. 4:21-cv-00517-P, ECF No. 11; ECF No. 12, at 1 & n.1 (N.D. Tex. May 5, 2021) (citations omitted) (brackets omitted); *see Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (per curiam) ("An ordered society has a valid interest in limiting legal representation to licensed attorneys.").

4

incarceration. *Id.* at 3 (citations omitted). Thus, the Court ordered Calaway and Garner to each show cause, through written submission filed no later than November 22, 2022, why sanctions should not be imposed against them for violating the Federal Rules of Civil Procedure and 28 U.S.C. § 1654. *Id.* at 4–6. The order likewise required Calaway to provide certain information and documentation, including a statement as to whether she is aware of this action. *Id.* at 5. Finally, given that the address on file for Calaway is a free-world residence, the order directed the Clerk of Court to mail a copy of the show cause order along with the two notices of deficiency directly to Calaway at FMC Carswell. *Id.* at 6.

Calaway filed a motion for extension of time "to accurately respond to this Court's" orders. ECF No. 9. She explained that the Court's show cause order and notices of deficiency were "the first legal document[s] she ha[d] seen regarding this matter" and she therefore "attempt[ed] to reach out to Ms. Garner for explanation." *Id.* The Court granted Calaway an extension until December 8, 2022, to respond to the show cause order and notice of deficiency. ECF No. 10.

In turn, Garner filed a response to the Court's order granting Calaway the extension. ECF No. 11. Garner alleged that, because the prison banned communication between Calaway and Garner, it would be "impossible for [the Court] to make a fair decision without the ability for [Calaway] and [Garner] to speak about this." *Id.* Garner stated that the two spoke about this case before "the prison ended all contact," and that she "had already started the process and actually sent [Calaway] the paperwork, but the prison sent it back . . . ." *Id.* According to Garner, she "was going to sign for [Calaway] either way with the" power of attorney Garner allegedly has for Calaway. *Id.* Finally, Garner contends that this action "is a private 'tort claim' and not a Federal Civil Lawsuit" and that "threats of sanctions are not necessary" because "[m]ost, if not all," claims of this kind are filed by parties who "have a [power of attorney] that signs for them." *Id.*

As of the date of these findings, conclusions, and recommendation (FCR), Calaway has yet to file a response to the show cause order, nor has she filed an amended complaint curing the outlined deficiencies. And other than the response to the Court's extension order, Garner has similarly failed to comply with the Order to Show Cause. Based on the limited responses the Court did receive, however, the Court concludes Garner has admitted to prosecuting this case on Calaway's behalf by signing Calaway's name to pleadings and filing a complaint in federal court that Calaway did not review. *See* ECF No. 11; *see also* ECF No. 9.

## II.   Discussion

### A.   Because Garner filed this action on behalf of Calaway, the United States District Judge should dismiss this action for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). That is, federal courts "possess only that power authorized by Constitution and statute." *Id.* (citation omitted). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"One element of" federal jurisdiction "is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To satisfy this requirement, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Id.* at 819. Thus, a layperson who files a lawsuit on another's behalf "lacks standing," and the court therefore lacks jurisdiction over the complaint. *Hill v. First Fin. Bank Shares*, No. 1:17-CV-0025-BL, 2017 WL 838267, at *3 (N.D. Tex. Mar. 2, 2017) (quoting *Leyfert v. Commonwealth of Pa. House of Representatives*, No. 05-4700, 2005 WL 3433995, at *3 (E.D. Pa. Dec. 13, 2005)); *see Umstead v. Chase Manhattan Mortg. Corp.*, No. 7:04CV00747, 2005 WL 2233554, at *2 (W.D. Va. Sept.

13, 2005) ("It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity.").

In addition, under 28 U.S.C. § 1654, "parties may plead and conduct their own cases *personally or by counsel*" in federal court (emphasis added). "Section 1654 does not permit a non-attorney to represent a litigant in federal court and even a valid power of attorney does not permit it." *Hill*, 2017 WL 838267, at *2; *accord Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("[The plaintiff's] power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); *Conely v. Lee*, No. A–14–CA–242–SS, 2014 WL 2722727, at *2 (W.D. Tex. June 13, 2014) ("A person may represent herself, but the law does not allow her to act as an attorney for others, even under a power of attorney."). This is because to proceed "*pro se* means to appear for one's self," and therefore "a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *accord Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam) (quoting *Iannaccone*, 142 F.3d at 558); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."). Thus, even if a layperson who initiated suit on behalf of another could show that he or she has a "personal stake" in the litigation to satisfy constitutional standing, the complaint would nevertheless suffer from a defect under § 1654 as to any claim asserted on behalf of the other. *See Hill*, 2017 WL 838267, at *2–3.

Here, although Calaway failed to respond to the show cause order beyond her motion for extension of time, Calaway's motion alleges that the Court's show cause order and notices of deficiency were "the first legal document[s] she ha[d] seen regarding this matter." ECF No. 9. What is more, Garner herself admitted in relevant part that she (1) drafted the Complaint in

Calaway's name, (2) filed the Complaint even though Calaway was not able to review it, and (3) has had no contact with Calaway during the pendency of this action, meaning that Calaway was never informed of it. *See* ECF No. 11. Thus, because the Complaint includes no discernable facts giving rise to a conclusion that Garner has a personal stake in the action (*see* ECF No. 1), and because the power of attorney (assuming its existence and validity) does not give Garner the authority to represent Calaway in this pro se action, the undersigned recommends that the United States District Judge dismiss the case for lack of subject matter jurisdiction. *See Schreck ex. rel. Schreck v. City of Amarillo*, No. 2:21-CV-220-Z-BR, 2021 WL 5178855, at *2–3 (N.D. Tex. Nov. 8, 2021) (dismissing case for lack of subject matter jurisdiction where mother's power of attorney status did not authorize her "to 'represent' her son" in a pro se capacity).

**B. Alternatively, the allegations in the Complaint are so patently frivolous that they deprive the Court of subject matter jurisdiction.**

Even assuming Calaway intends to prosecute this action herself going forward, the Complaint does not set forth adequate facts demonstrating that the Court possesses subject matter jurisdiction over the claims. According to the Complaint, the United States "legal system is operating as a commercial court system for profit" rather than "a constitutionally based court system" and the State of Texas, United States, and United States District Court for the Northern District of Texas Lubbock Division are corporations that do not exist. Compl. 7, 11 (emphasis omitted). The Complaint further claims that Calaway is a "sovereign non-citizen . . . representing the corporate fiction of Shonna Lynn Calaway (McPhail)." *Id.* at 6 (cleaned up).

Where "a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or

federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). It then follows that where a "complaint is patently insubstantial," the "court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021); *see Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (stating that "when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts," and "[t]he Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit"). That is, dismissal for lack of subject matter jurisdiction is appropriate "when a complaint is obviously frivolous factually." *Isom*, 2021 WL 2232052, at *2 (internal quotation marks and citation omitted). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, the Complaint is factually frivolous because the fantastical and/or sovereign citizen-based allegations therein are wholly incredible. *See, e.g.*, *Watson v. Tex. State Univ.*, No. 20-50436, 829 F. App'x 686 (5th Cir. Nov. 13, 2020) (agreeing that sovereign citizen-based "claims are frivolous and entirely without merit"); *Stone v. Birmingham*, No. 3:20-cv-2494-D (BT), 2021 WL 6802921, at *2 (N.D. Tex. Oct. 6, 2021) ("[S]overeign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'" (citation omitted)), *R. & R. adopted by* 2022 WL 326565

(N.D. Tex. Feb. 3, 2022); *Westfall v. Davis*, No. 7:18-cv-00023-O-BP, 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018) (describing as frivolous allegation "that the United States and Texas are both corporations"), *R. & R. adopted by* 2018 WL 2414794 (N.D. Tex. May 29, 2018); *Wells Fargo Bank, N.A. v. Parker*, No. 4:16-CV-360, 2017 WL 2531748, at *2 (E.D. Tex. June 12, 2017) ("Any allegation that Defendants are 'aliens' and/or not resident in any county of this state and are not subject to the jurisdiction of the Court by virtue of their status as consumers is wholly without merit.").

The Court has provided Calaway the opportunity to amend (ECF Nos. 5, 7, 8, 10),[4] but she has not done so. Any additional opportunity would be futile given her failure and the Court's resulting lack of subject matter jurisdiction. *See, e.g., Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) ("Granting leave to amend is not required . . . if the plaintiff has already pleaded his best case." (internal quotation marks and citation omitted)); *Redmond v. PRLAP*, No. 4:21-mc-006, 2022 WL 3141867, at *7 (E.D. Tex. Aug. 5, 2022) ("[G]ranting leave to amend would be futile because the Court lacks subject matter jurisdiction and the Court has determined that Plaintiff's claims are factually frivolous."); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations "clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020); *Terry v. Oncor Delivery*, No. 14–CV–3496–P, 2014 WL 7174300, at *1 (N.D. Tex. Dec. 16, 2014) (denying "futile" motion to amend and dismissing frivolous complaint for lack of subject matter jurisdiction). Indeed, the Complaint itself recognizes

---

[4] These include notices of deficiency sent directly to her at Carswell. *See, e.g.*, ECF No. 8, at 6 (directing Clerk of Court to mail previous deficiency orders (ECF Nos. 5, 7, providing opportunity to amend complaint) to Calaway at FMC Carswell).

that "[o]nce the court has knowledge that subject matter [jurisdiction] is lacking, the court has no discretion but to dismiss the action." Compl. 14; *see Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.").

In sum, the Complaint does not set forth adequate facts demonstrating that the Court possesses subject matter jurisdiction over the claims alleged therein. Calaway has been ordered to file an amended complaint, thereby providing her an opportunity to remedy this deficiency, but she has not done so. Accordingly, independent from the jurisdictional problems posed by Garner's representation in this matter, the district judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

### C.   Rule 11 requires the Court to strike the Complaint because it was not signed by Calaway.

The Complaint suffers from an additional defect—Calaway did not sign the Complaint as dictated by Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires pro se litigants to personally sign "[e]very pleading, written motion, and other paper" filed in an action. Fed. R. Civ. P. 11(a). The rule provides that courts "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* The purpose for Rule 11(a)'s requirement that "unrepresented parties . . . sign their pleadings . . . [is] to make certain that those named as parties in an action in which there [is] no lawyer actually [have] assented to the filing of the action on their behalf." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (quoting 5A Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure: Civil 2d* § 1334 (2d ed. 1995)). Where a pro se party's pleading "is tendered and signed by a nonlawyer," however, "then there comes into play the underlying principle [of Rule 11] itself, namely that in federal court a

party can represent himself or be represented by an attorney, *but cannot be represented by a nonlawyer.*" *Id.* (emphasis added) (citing several cases for support).

Notably, a power of attorney relationship does not excuse Rule 11's personal signature requirement. *See, e.g., Kramer v. Saul*, No. 19-C-1558, 2020 WL 2042904, at *1 (E.D. Wis. Apr. 28, 2020) ("The fact that Plaintiff gave his mother permission to file documents on his behalf in this case does not alter [the requirements of Rule 11(a)]."); *Montoya v. City of Las Vegas*, No. 15cv883, 2015 WL 13667052, at *3 (D.N.M. Oct. 21, 2015) ("Even if Plaintiff Montoya has power of attorney, he may not sign the Complaint, amended complaint or any other documents filed on behalf of Plaintiff Greer."); *Pauley v. Clarke*, No. 1:13cv714 (LMB/TCB), 2013 WL 12164662, at *1 (E.D. Va. June 19, 2013) (directing habeas petitioner to file an amended petition with his signature because "the asserted fact that petitioner gave [his mother] his power of attorney is irrelevant" under Rule 11); *Johnson v. O'Donnell, Inmate Complaint Reviewer*, No. 01–C–0257–C, 2001 WL 34372892, at *11 (W.D. Wis. Aug. 24, 2001) (denying motion to allow plaintiff to sign on behalf of other plaintiffs under a power of attorney because "Rule 11(a) does not make any exceptions to the requirement that 'the party' must sign all pertinent documents submitted to the court"); *cf. Speed v. Am.'s Wholesale Lender*, No. 3:14–CV–3425–L, 2014 WL 4755485, at *3 (N.D. Tex. Sept. 24, 2014) (reviewing Rule 11 and § 1654 and noting that power of attorney authorization "does not overcome the prohibition against nonattorneys representing another individual in federal court").

Here, the Complaint was not signed by Calaway. Instead, Calaway's purported power of attorney signed her name. The Court called attention to the error, but Calaway has not corrected it. Accordingly, because the Complaint must be stricken and Calaway has failed to cure the deficiency, Rule 11 provides an additional basis for dismissal. *See Banks v. Gates Hudson &*

*Assocs., Inc.*, No. 1:19-cv-1259, 2020 WL 3441423, at *3 (E.D. Va. June 23, 2020) (acknowledging Rule 11 and explaining that the granting of a power of attorney does not authorize the holder to represent another in federal court, which therefore "provides a basis to dismiss all of the claims brought" on that party's behalf); *Deutsche Bank Tr. Co., Americas v. Gwinn*, No. 3:17cv01415(VLB), 2017 WL 10410813, at *1 (D. Conn. Dec. 18, 2017) (recommending that the action be dismissed because Rule 11 requires the plaintiff's signature and a power of attorney does not permit a person to appear on another's behalf); *Dodds v. BAC Home Loans Servicing LP*, No. 3:12-CV-00037-TCB-RGV, 2012 WL 13028646, at *5 (N.D. Ga. June 7, 2012) (recommending dismissal of action under Rule 11 where the complaint was signed by an individual "purporting to be plaintiff's 'POA'"), *R. & R. adopted by* 2012 WL 13028687 (N.D. Ga. June 26, 2012); *Laurie v. Maxwell*, No. CV-08-004-BLG-RFC, 2008 WL 894408, at *1 (D. Mont. Apr. 1, 2008) (dismissing complaint under Rule 11 because power of attorney could not "file actions, sign pleadings for, or act on behalf of" the plaintiff).

### D.    This Court should sanction Garner.

As an unlicensed person, Garner may not represent anyone other than herself in federal court. Any attempt to do so, even with a valid power of attorney, likely constitutes the unauthorized practice of law.[5] Garner was previously warned by a district judge in another action in this district that she is not authorized to appear in federal court on behalf of Calaway, but her conduct in this action demonstrates she was not deterred. *Supra* note 3; *see* ECF No. 11 ("The

---

[5] "An individual that is not licensed to practice law cannot use representative devices 'as an artifice for the unauthorized practice of law.'" *Dutschmann v. City of Waco*, No. 6:22-CV-00094-ADA-JCM, 2022 WL 837498, at *1 (W.D. Tex. Jan. 27, 2022) (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). Under Texas state law, an individual engaging in the unauthorized practice of law may be subject to criminal and civil penalties. *See* TEX. PENAL CODE § 38.123 (Class A misdemeanor); TEX. GOV'T CODE § 81.101(a) (defining unauthorized practice of law), § 81.104(2) (assigning the Unauthorized Practice of Law Committee the duty to "seek the elimination of the unauthorized practice of law by appropriate actions and methods, including the filing of suits in the name of the committee"). The undersigned, however, expresses no opinion on whether Garner's conduct violates Texas law.

process of what I am doing already started, and I was going to sign for [Calaway] either way with the [power of attorney] I have for her."). To the contrary, Garner's conduct is even more troubling than before—not only has Garner admitted to representing Calaway, but Garner has also admitted to forging Calaway's signature and prosecuting this case without her knowledge or approval. That is, both Calaway and Garner agree that Calaway did not review the Complaint prior to filing and that they have not been in contact during the pendency of this action. *See* ECF Nos. 1 (Complaint purportedly "[e]xecuted by my own hand this 28 day of September, 2022" by "Shonna Lynn Calaway [McPhail], In Propria Persona"), 9 ("This is the first legal document [Calaway] has seen regarding this matter and is attempting to reach out to Ms. Garner for explanation."), 11 ("Shonna [Calaway] and I did speak about this case and when we did, *the prison ended all contact*. I had already started the process and actually sent her paperwork, *but the prison sent it back saying no one by that name was there*. I would love to speak with her freely about this *and she sign everything*, but as I said in the phone message '*my hands are tied*' *because of the prison not allowing me to communicate with her*." (emphasis added)). Finally, when the Court ordered Garner to explain the circumstances of her conduct and show cause why she should not be sanctioned, she did not respond.

Federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam). Within this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* The Supreme Court, furthermore, has recognized "that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This power naturally extends to sanctioning parties who engage in the

unauthorized practice of law before the court. *See United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) ("It follows logically that a federal court's power to regulate and discipline attorneys appearing before it extends to conduct by nonlawyers amounting to practicing law without a license."); *accord Graham v. Dall. Indep. Sch. Dist.*, No. 3:04-CV-2461-B, 2006 WL 507944, at *4 (N.D. Tex. Jan. 10, 2006) (recognizing that "the unauthorized practice of law [is] sanctionable under the court's inherent authority").

"The court possesses the discretion to tailor sanctions to the particular facts of the case." *In re Prewitt*, 280 F. Supp. 2d 548, 562 (N.D. Miss.), *aff'd*, 84 F. App'x 397 (5th Cir. 2003). Courts must exercise caution, however, and choose a sanction that "employ[s] the least possible power adequate to the end proposed." *Id.* (citing *Chambers*, 501 U.S. at 44–45). In other words, courts should impose the least severe sanction sufficient to deter violative conduct in the future. *See Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). Upon discovering abusive litigation practices involving the unauthorized practice of law, courts in this district have imposed various sanctions including a monetary fine, bar to filing, attorney's fee award to adverse parties, prohibition on representing other parties in court, and referral to the state committee for the unauthorized practice of law. *See Hill v. First Fin. Bank Shares*, No. 1:17-CV-025-C, 2017 WL 3130329, at *1 (N.D. Tex. July 21, 2017); *Hill v. McKenzie*, No. 1:17-CV-021-C, 2017 WL 3130328, at *1 (N.D. Tex. July 21, 2017); *Liu v. Plano Med. Ctr.*, 3:08-CV-0172-N, ECF No. 16 (N.D. Tex. Apr. 21, 2008); *Graham*, 2006 WL 507944, at *5; *Liu v. Warren*, 3:05-CV-1249-H, ECF No. 9 (N.D. Tex. July 20, 2005).

In light of the foregoing, including Garner's disregard of a previous court order prohibiting the very conduct she has once again committed herein, the undersigned recommends that the United States District Judge impose a reasonable sanction against Garner. Namely, in addition to

any other sanction the Court deems appropriate, the district judge should enter an order prohibiting Garner from filing any civil action on behalf of another.[6] The prohibition should be understood to include drafting and filing pleadings on behalf of anyone other than herself, signing another's name to any document submitted to the court, and acting as an intermediary on behalf of another before the Court. Garner likewise should be admonished that such conduct is both unlawful and unethical, and that a violation of the Court's order will result in additional sanctions including monetary fines or a complete bar to filing pleadings without leave of Court.

### III. Recommendation

The undersigned recommends that the United States District Judge dismiss this action without prejudice for lack of subject matter jurisdiction. Alternatively, the undersigned recommends that the United States District Judge strike Calaway's Complaint under Fed. R. Civ. P. 11 and dismiss this action without prejudice. The undersigned further recommends that the district judge sanction Michelle Garner in the manner recommended herein and impose any other sanction the Court deems reasonable under the circumstances.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection

---

[6] Dismissal of this action could itself serve as a type of sanction against Garner. *See Mendoza v. Quality Loan Serv. Corp.*, No. 1:15-CV-3009-TOR, ECF No. 42 (E.D. Wash. Nov. 4, 2015) (dismissing case and referring the matter to the state bar where third party forged the plaintiffs' signatures and prosecuted the case without their knowledge); *cf. Bentz v. Godinez*, No. 17-cv-315-MJR, 2018 WL 724369, at *2 (S.D. Ill. Feb. 6, 2018) (dismissing action with prejudice "as a sanction for Plaintiff Bentz forging at least one fellow plaintiff's signature, including individuals in this lawsuit as plaintiffs without their knowledge or consent, and submitting the First Amended Complaint with signatures from plaintiffs who were not given the opportunity to review it"). That is particularly true given that a $402 filing fee was paid in this case—ostensibly by Garner. *See* "Confirmation of payment," dated Sept. 29, 2022.

must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 29, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE