UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SHONNA LYNN CALAWAY MCPHAIL, Institutional ID No. 56251-177,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | No.  5:22-CV-00253-H-BQ |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
<u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this case be dismissed without prejudice for lack of subject matter jurisdiction. The FCR also recommended that the Court sanction non-party Michelle Garner for her disregard of the Court's warnings that her attempts to represent Plaintiff, even with a valid power of attorney, likely constitute the unauthorized practice of law. Garner filed objections, but Plaintiff has filed none.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

Additionally, considering Garner's specific objections, the Court has conducted a de

novo review of the relevant portions of the FCR and the record in this case.[1] The Court overrules Garner's objections and accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

The Court therefore orders:

1. Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

2. The Court sanctions Michelle Garner and prohibits her from filing any civil action on behalf of another—in this Court, or any court that is removable or transferrable to this Court. This prohibition includes drafting and filing pleadings on behalf of anyone other than herself, signing another's name to any document submitted to the court, and acting as an intermediary on behalf of another before the Court. The Court admonishes Garner that the unauthorized practice of law is both unlawful and unethical, and that a violation of the Court's order will result in additional sanctions, including monetary fines, a complete bar to filing pleadings without leave of Court, or both.

3. All relief not expressly granted is denied, and any pending motions are denied.

4. Plaintiff is advised that if she appeals this order, she will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and she must submit an application to

---

[1] The Court also takes judicial notice of correspondence filed by Plaintiff in No. 5:17-CR-00081-C, Dkt. No. 70, filed in response to an order concerning similar pleadings in her criminal case. There, Plaintiff recounts her relationship with Garner, explaining that she has not spoken to Garner since July 2022, did not understand what Garner was attempting to do on her behalf, that she had not personally signed any documents, and that she felt Garner "has definitely abused the [power of attorney] in an effort to accomplish some misguided goals." Plaintiff notes that she has stopped all communication with Garner and revoked the power of attorney. And she informs the Court that she fears Garner has ill intent and will somehow retaliate against her for revoking the power of attorney, and that she has sent threatening emails to Plaintiff's daughter. Plaintiff included a copy of the Texas Power of Attorney Revocation form. *Id.* at 4–5.

proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time she files his notice of appeal. Likewise, Garner is advised that if she appeals this order, she will be required to pay the appeal fee of $505.00.

Judgment will be entered accordingly.

The Clerk is directed to mail a copy of this order and the corresponding judgment to Plaintiff at FMC Carswell.

So ordered on August 14, 2023.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE